# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD LETT,**

    **Plaintiff,**

**v.**                                   **CIVIL ACTION NO. 3:07cv133**
                                               **(Judge Bailey)**

**AIRMARK FOOD SERVICE,**
**NORTHERN CORRECTIONAL FACILITY,**
**PETE NAMEY,**
**DALE GRIFFIN,**
**LT. EDDIE LITTEL,**
**DAVID WETZEL,**
**NURSE LINDA,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On October 9, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Airmark Food Service and the Northern Correctional Facility. On October 17, 2007, the plaintiff filed an amended complaint which added the individual defendants. The plaintiff's complaint centers on his allegation that on April 23, 2007, he was eating breakfast and bit down on a tooth that did not come from his own mouth. On November 21, 2007, an order was entered granting him leave to file without prepayment of fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)[1]

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I) is frivolous or malicious;

## I. STANDARD OF REVIEW

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or where the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

### A. Airmark Food Service and Potomac Highlands Regional Jail

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[2]Id. at 327.

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

Airmark Food Service and the Northern Correctional Facility are not a proper defendants because neither is a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, the plaintiff's claim against Airmark Food Service and the Northern Correctional Facility should be dismissed.

**B. Pete Namey, Dale Griffen, Lt. Eddie Littel, David Wetzel, and Nurse Linda**

Pursuant to Rule 8(a) of the federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends... (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail is required that the bald statement be the plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International,

Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted).

In the instant case, the plaintiff makes no specific allegations of a violation of any constitutional right against any of the individual defendants. Moreover, the information provided by the plaintiff establishes nothing more than each of these defendants performed their duties in an appropriate manner and in a way designed to assist the plaintiff.

Specifically, the plaintiff indicates that he showed the tooth to David Wetzel, who was the pod officer on duty at the time. Mr. Wetzel advised the plaintiff to show the tooth to his counselor, Dale Griffin.[3] Mr. Griffin took the tooth to the main office and told the plaintiff to go the medical unit to have his mouth checked. Nurse Linda was on duty at the time the plaintiff arrived in the medical unit. She examined the plaintiff's mouth and determined that he had no broken teeth. In addition, she took blood for testing. With respect to Eddie Littel, the plaintiff notes only that he was present in the medical unit, and further that Mr. Littel still had the tooth in a plastic bag.

Because there are no allegations of any wrongdoing on the part of Namey, Griffin, Littel, Wetzel, or Nurse Linda, the complaint is both frivolous and fails to state a claim on which relief can be granted as to these defendants. See Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996)(statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

---

[3]In the style of the case, the plaintiff names Dale Griffin as a defendant. However, in the text of his amended complaint, he refers to Dale Griffith.

(1) the plaintiff's complaint be **Dismissed with Prejudice** pursuant to 28 U.S.C. § 1915(e), and that this dismissal count as a strike against the defendant as contemplated by the Prison Litigation Reform Act.

Within ten (10) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 23, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE