IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

RONALD LETT,

    Plaintiff,

v.                                                                 Civil Action No.    3:07CV133
                                                                (BAILEY)

AIRMARK FOOD SERVICE,
NORTHERN CORRECTIONAL
FACILITY, PETE NAMEY, DALE
GRIFFIN, LT. EDDIE LITTEL,
DAVID WETZEL, and NURSE
LINDA,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Doc. 22) and the plaintiff's corresponding objections (Doc. 27). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn,** 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and**

Recommendation (Doc. 22)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding plaintiff's claims brought under 42 U.S.C. §1983 are as follows. On April 24, 2007, while eating breakfast from the kitchen of the Northern Correctional Facility, plaintiff maintains that he bit into a piece of tooth that was not his own. Further, plaintiff represents that subsequent checks revealed that the tooth fragment did not come from his mouth or the mouth of the individual serving his food. However, plaintiff does note that other inmates working in the kitchen with access to the ingredients were not checked to determine whether the tooth fragment came from one of their mouths.

As a result of this incident, plaintiff filed suit against the above named defendants alleging violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. In addition to outlining the factual scenario detailed above, plaintiff's Complaint seeks reasonable compensation and requests that the Court direct further investigation into the matter. Pursuant to LR PL P 83.01 this case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. Upon consideration, the Magistrate Judge found the Complaint to be frivolous, as it failed to state a legally viable cause of action. In response, the plaintiff, while raising no specific point of contention, objects generally to the findings of the Magistrate Judge.

Title 28, United States Code, Section 1915A directs this Court to perform an initial review to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–(1) is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b). Moreover, 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court to "dismiss the case at any time if the court determines that–the action

or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, in evaluating the sufficiency of a claim under Rule 12(b)(6), "[a]llegations in the complaint are to be liberally construed, and a court should not dismiss a claim for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." **De'Lonta v. Angelone**, 330 F.3d 630, 633 (4th Cir. 2003).

In the context of a claim brought under 42 U.S.C. §1983, the plaintiff must show that a person, acting under color of state law, deprived him of rights guaranteed by the Constitution or federal law in order to recover. **Rendall-Baker v. Kohn**, 547 U.S. 830, 838 (1982). Moreover, a jail is not a person within the meaning of § 1983 and, therefore, is not amenable to suit under its provisions. **Brooks v. Pembroke City Jail**, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

In light of the above, it is apparent that Airmark Food Service and the Northern Correctional Facility are not proper defendants to this suit. As previously noted, § 1983's prohibitions are directed at persons, and these defendants are not persons within the meaning of §1983. **See Brooks**, 722 F. Supp. at 1301. As such, the plaintiff cannot prove any set of facts in support of his claim, and dismissal is proper with regard to these defendants.

Similarly, the plaintiff has failed to state a claim upon which relief can be granted in regard to the remaining defendants. Here, quite simply, the plaintiff has failed to allege any

wrongdoing on the part of Pete Namey, Dale Griffin, Lt. Eddie Littel, David Wetzel, or Nurse Linda. Therefore, after taking all the allegations in the Complaint as true and after drawing all reasonable inferences from those allegations, it is evident that the plaintiff cannot prove any set of facts entitling him to relief. Consequently, dismissal is proper with regard to the remaining defendants as well.

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 22)** is **ADOPTED**; and

2. That the case be **DISMISSED WITH PREJUDICE** and **RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff.

Dated: August 21, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE